## SECURITIES AND EXCHANGE COMMISSION

v.

## ORMONT DRUG & CHEMICAL COMPANY, INC., Appellant.

### No. 83–1814.

United States Court of Appeals, District of Columbia Circuit.

Argued April 16, 1984.

Decided July 27, 1984.

W. Gary Kohlman, Washington, D.C., for appellant.

Larry R. Lavoie, Asst. Gen. Counsel, S.E.C., Washington, D.C., with whom Linda D. Fienberg, Associate General Counsel, Paul Gonson, Sol., and Audrey D. Shields, Atty., S.E.C., Washington, D.C., were on brief, for appellee.

Before TAMM and EDWARDS, Circuit Judges, and CLEMENT F. HAYNSWORTH, Jr.,* Senior Circuit Judge for the Fourth Circuit.

Opinion for the court filed by Circuit Judge TAMM.

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

TAMM, Circuit Judge:

This appeal arises from the district court's holding appellant, Ormont Drug and Chemical Company, Incorporated (Ormont), in contempt of an injunctive order. Because we find that the district court did not properly consider Ormont's assertion that compliance with the injunction was impossible, we vacate the contempt order and remand for proceedings consistent with this opinion.

## I. BACKGROUND

On June 17, 1982, the Securities and Exchange Commission (Commission) filed a complaint charging that Ormont had violated the reporting requirements of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78m(a), 78w(a) (1982).[1] Commission's Appendix (App.) at 4. Specifically, the Commission alleged that Ormont failed to file an annual report for 1981 and quarterly reports for the past three quarters. The Commission further alleged that Ormont had established a pattern of delinquency since 1979 in filing reports. App. at 7–10. The Commission therefore requested an order compelling Ormont to file the delinquent reports and enjoining Ormont and its officers from future delinquent filings. App. at 10–11.

Ormont failed to answer the complaint and, at the Commission's request, the district court on December 22, 1982 found Ormont in default and issued an injunctive

order. *SEC v. Ormont,* Civ. No. 82–1685 (D.D.C. Dec. 22, 1982), App. at 12. The court ordered Ormont to file its delinquent reports by January 10, 1983, and it enjoined Ormont and its "officers" and "directors" from failing in the future to file timely reports. *Id.* at 2, App. at 13.[2]

Ormont did not comply with the injunction. On May 18, 1983, the district court issued an order directing Ormont and Ormont's Chairman of the Board and Chief Executive Officer, Irving Brand, to show cause why they should not be held in civil contempt. *SEC v. Ormont,* Civ. No. 82–1685 (D.D.C. May 18, 1983), App. at 16–17. At the show cause hearing on July 22, 1983, Ormont stated that compliance with the injunction had been impossible. Ormont offered testimony and submitted affidavits documenting its efforts to comply with the injunctive order and explaining how lack of funds had delayed preparation of the reports. *See* Brief for Appellant, Appendix Exhibits 3, 5, 6; App. at 25, 29–30.

The district court disregarded Ormont's impossibility argument and found both Ormont and Mr. Brand in contempt. The court accordingly ordered Ormont and Mr. Brand to file all delinquent reports and further ordered Mr. Brand to pay a fine of $1,000 for each day after August 1, 1983 that the delinquent reports remained unfiled.[3] *SEC v. Ormont,* Civ. No. 82–1685 at 4 (D.D.C. July 22, 1983), App. at 36.

---

1. Pursuant to the Securities Exchange Act, Ormont must file an annual report within 90 days after each fiscal year and a quarterly report within 45 days after the first three fiscal quarters. *See* 15 U.S.C. §§ 78m(a), 78w(a) (1982); 17 CFR §§ 240.13a–1, 240.13a–13, 249.308a, 249.310 (1983).

2. On January 7, 1983, Ormont moved to vacate the injunctive order. *See* Commission's Appendix (App.) at 2. Ormont conceded it was delinquent in filing the reports. Ormont explained, however, that it could not submit the delinquent reports by January 10, 1983 because it lacked the funds necessary for accountants, lawyers, and costs to prepare the reports. *See* Brief for Appellant, Appendix Exhibit 3. Ormont nevertheless expressed a willingness to cooperate with the Commission and to file the reports as soon as practicable. To this end, Ormont had

retained an accounting firm to examine its financial records and to draft a schedule for preparation of the reports. *Id.,* Appendix Exhibit 4. The court denied Ormont's motion. *SEC v. Ormont,* Civ. No. 82–1685 (D.D.C. Jan. 17, 1983), App. at 15.

3. The court stated that Mr. Brand, not Ormont, would be liable for any fines. *SEC v. Ormont,* Civ. No. 82–1685 at 4 (D.D.C. July 22, 1984), App. at 36 ("such [fines] shall not be satisfied either directly or indirectly by Ormont").

On August 2, 1983, Ormont moved for reconsideration of the civil contempt findings or, alternatively, for an additional thirty days before any civil sanctions against Mr. Brand would accrue. Brief for Appellant, Appendix Exhibit 8. Ormont accompanied its motion with a letter from Ormont's accounting firm

On appeal, Ormont contends that the contempt order should be vacated because the district court failed to consider Ormont's claim that compliance with the injunctive order was impossible.[4] We agree.

## II. DISCUSSION

A contempt order should not issue if the court finds no willful disobedience but only an incapacity to comply:

> The sound discretion of an equity court does not embrace enforcement through contempt of a party's duty to comply with an order that calls him "to do an impossibility."
>
> . . . .
>
> It would be unreasonable and unjust to hold in contempt a defendant who demonstrated that he was powerless to comply. An equity court can never exclude claims of inability to render absolute performance, but it must scrutinize such claims carefully . . . .

*Natural Resources Defense Council, Inc. v. Train*, 510 F.2d 692, 713 (D.C.Cir.1975) (quoting *Maggio v. Zeitz*, 333 U.S. 56, 59, 69, 68 S.Ct. 401, 403, 408, 92 L.Ed. 476 (1948)) (footnotes omitted). *See Maggio*, 333 U.S. at 72–73, 76–77, 68 S.Ct. at 409–410, 411–412; *Brotherhood of Locomotive Firemen and Enginemen v. Bangor & Aroostook R.R.*, 380 F.2d 570, 582 (D.C. Cir.), *cert. denied*, 389 U.S. 327, 88 S.Ct. 437, 19 L.Ed.2d 560 (1967). In a contempt proceeding, the court thus is obliged to consider carefully a claim by the alleged contemnor that compliance was impossible.

At the contempt hearing in the instant case, Ormont presented testimony and submitted affidavits supporting its contention that it had been unable to comply with the injunctive order. *See* App. at 25, 29–30; Brief for Appellant, Appendix Exhibits 3, 5, 6. Ormont explained that due to bankruptcy proceedings in 1979 and business difficulties since 1981, it lacked the funds necessary to prepare the delinquent reports.[5] *See* App. at 25–29; Brief for Appellant, Appendix Exhibit 3. In short, contended Ormont, compliance "had been . . . a simple impossibility." App. at 25.

The record indicates that the district court did not properly consider Ormont's

---

that enumerated the obstacles Ormont had encountered both in raising the necessary money and in acquiring the necessary records to prepare the reports. *Id.*, Appendix Exhibit 9. The district court denied Ormont's motion. *See* App. at 3.

**4.** Ormont also argues that because Mr. Brand was not a named party in the injunction proceeding, the district court erred in holding him in contempt. Ormont's argument ignores, however, that the injunctive order enjoined not only Ormont, but also Ormont's "officers, directors, [and] agents . . . who receive actual notice of this Judgment by personal service or otherwise . . . from failing to file timely . . . annual and quarterly reports . . . ." *SEC v. Ormont*, Civ. No. 82–1685 at 2 (D.D.C. Dec. 22, 1982), App. at 13. Mr. Brand received actual notice of the injunctive order, App. at 35, and, as Chairman of the Board and Chief Executive Officer of Ormont, he was subject to the order's express terms. Accordingly, if he willfully disobeyed the injunctive order, he could be found in contempt. *See Wilson v. United States*, 221 U.S. 361, 376–77, 31 S.Ct. 538, 542–43, 55 L.Ed. 771 (1911); *NLRB v. Hopwood Retinning Co.*, 104 F.2d 302, 305 (2d Cir.1939); *SEC v. VTR, Inc.*, 410 F.Supp. 1309, 1314 (D.D.C.1975); *United States v. Greyhound Corp.*, 363 F.Supp. 525, 571 (N.D.Ill.

1973), *aff'd*, 508 F.2d 529 (7th Cir.1974). *See also* Fed.R.Civ.P. 65(d) ("Every . . . injunction . . . is binding . . . upon the parties to the action, their officers, agents, . . . and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.").

**5.** An accounting firm advised Ormont in March 1982 that it would prepare the delinquent reports only if paid in excess of $44,000. Brief for Appellant, Appendix Exhibit 4. Ormont allegedly had no resources. Mr. Brand was nevertheless able by June 2, 1983 to raise and place in escrow $28,000 toward the accounting firm's fee, *id.*, Appendix Exhibit 5, and the firm then agreed to commence preparing the reports. *Id.*, Appendix Exhibit 9; App. at 23. The firm stated in July 1983 that its employees had made an "extraordinary effort" to prepare the reports expeditiously. Brief for Appellant, Appendix Exhibit 9. The firm had "three to four people working on [the reports]" and had "pushed other clients aside to get this job done first." *Id.* As of July 27, 1983, the firm had expended about 250 hours completing the June 1981 report and preparing the September 1981 report. *Id.* The firm estimated that the September report would require an additional 150 hours to complete. *Id.*

impossibility claim. At the contempt hearing, the court made no inquiry into the claim and, indeed, seemed to attach no relevance to it.[6] The court also failed to address Ormont's impossibility claim in the contempt order. Instead, the court summarily asserted that "[Mr.] Brand ... was in a position to cause Ormont to comply with [the injunctive order], but did not do so." *SEC v. Ormont,* Civ. No. 82–1685 at 3 (D.D.C. July 22, 1983), App. at 35. The court offered no facts, however, to support this finding.[7]

 The district court, in both the hearing and the contempt order, focused on Ormont's failure to comply with the injunctive order and the length of time that had elapsed since the order issued. *See* App. at 27, 29, 34–36. Although both the fact and duration of noncompliance with the order are elements to be considered, the court must consider as well Ormont's inability, without fault on its part, to render obedience. *See Maggio,* 333 U.S. at 76, 68 S.Ct. at 411. Ormont cannot be held in contempt if it lacked the financial ability to comply with the injunctive order. *See Natural Resources Defense Council, Inc.,* 510 F.2d at 713 & n. 111 (citing 42 Am.Jur.2d, *Injunctions* § 340 (1969)).

**6.** Ormont's efforts at the contempt hearing to establish its impossibility claim were met with frustration:

> Ormont: The point is this. Mr. Brand has no money.
> The Court: There's no point in rearguing the thing. My patience has ended as has the patience of SEC apparently. You have had since last fall to work this out. I have never had a case that has dragged along any slower than this one.
> . . . .
> Ormont: Your Honor, the problem is that there's [sic] no resources in the corporation.
> The Court: I don't know. That is your problem. You are going to have to work it out with your client. This case has dragged along since last fall.
> Ormont: I would ask the Court—
> The Court: That is all. I don't want to hear any more. . . .

App. at 28–29.

**7.** The burden of production in raising an impossibility claim lies, of course, with Ormont. *See United States v. Rylander,* 460 U.S. 752, 103 S.Ct. 1548, 1552, 75 L.Ed.2d 521 (1983); *Natural Re-*

We express no opinion as to the validity of Ormont's impossibility claim; we hold only that the claim received inadequate consideration.[8] Accordingly, we vacate the contempt order and remand the case for further proceedings consistent with this opinion.

*It is so ordered.*

*sources Defense Council, Inc. v. Train,* 510 F.2d 692, 713 n. 111 (D.C.Cir.1975). The record here indicates that, notwithstanding Ormont's showing at the contempt hearing, the Commission presented neither argument nor evidence to counter Ormont's impossibility claim.

**8.** We also observe that the affidavits submitted by Ormont at the contempt hearing as well as its commitment to the court and the Commission to have all reports submitted by September 16, 1983, App. at 24, suggest that Ormont may not have been acting in deliberate defiance of the injunctive order. Moreover, Ormont indicated to this court during oral argument that all delinquent reports had been submitted to the Commission. If Ormont's actions reflect continuing good-faith efforts to comply with the injunctive order, a daily coercive sanction of $1,000 may be excessive. That decision, however, is for the district court to make after considering all the evidence. *See Maggio v. Zeitz,* 333 U.S. 56, 76–77, 68 S.Ct. 401, 411–412, 92 L.Ed. 476 (1948).