Lindell TINSLEY, Appellant,

v.

James A. MITCHELL, Steve Nagle, et al., Appellees.

No. 86–7021.

United States Court of Appeals, District of Columbia Circuit.

Judgment Oct. 16, 1986.

Judgment Published Nov. 4, 1986.

Lindell Tinsley was on appellant's Motion for Emergency Relief and Motion for Summary Reversal or Stay of Order of Civil Contempt.

William Gray Schaffer, Washington, D.C., was on appellee's Memorandum in Response to Appellant's Motions.

ON APPELLANT'S MOTION FOR EMERGENCY RELIEF AND MOTION FOR SUMMARY REVERSAL OR STAY OF ORDER OF CIVIL CONTEMPT

Before WALD, Chief Judge, EDWARDS and STARR, Circuit Judges.

JUDGMENT

PER CURIAM.

Upon consideration of appellant's Motion for Emergency Relief and Motion for Summary Reversal or Stay of Order of Civil Contempt, the appellees' response thereto, appellant's response to the court's order to show cause, and the record of the proceedings before the district court, it is

ORDERED by the court on its own motion, for the reasons set forth in the attached memorandum, that the judgment of contempt be vacated and the case remanded to the district court for further proceedings. It is

FURTHER ORDERED by the court that the show cause order previously entered be discharged.

The Clerk is directed to transmit a certified copy of this judgment to the district court in lieu of formal mandate.

## MEMORANDUM

This is an appeal from a final judgment holding appellant in civil contempt and levying a fine of $50.00 per day. The case arises out of litigation brought by Mr. Tinsley, on behalf of a lawyer-client, against American Airlines, *et al.* which resulted in a directed verdict in favor of the corporate defendant at the close of the plaintiff's case.[1] The district court thereafter imposed sanctions, jointly and severally, on Mr. Tinsley and his client, pursuant to 28 U.S.C. § 1927 and Fed.R.Civ.P. 11 and 26(g), finding that the litigation had been "unreasonably protracted and vexatiously maintained" (Transcript of July 12, 1985 Hearing at 2–3) and that plaintiff's responses to discovery had been evasive, tardy, and incomplete. (Transcript of July 12, 1985 Hearing at 1.)

A judgment of $10,713.45, representing defendants' attorney's fees and costs, was entered against Mr. Tinsley and his client on August 6, 1985. The defendants' efforts to secure satisfaction of the judgment from Mr. Tinsley were singularly unsuccessful. (In contrast, Mr. Tinsley's client, the plaintiff in the original action, dutifully remitted approximately one-half of the total judgment.) Their patience exhausted, the defendants eventually filed a motion seeking an order to show cause why Mr. Tinsley should not be held in contempt for his failure to satisfy the judgment.

The district court issued a show cause order to Mr. Tinsley and set the matter for hearing on July 3, 1986. Counsel for the defendants failed to appear for that hearing and the case was continued to August 6, 1986.

At the second hearing, the district court heard argument and adjudged Mr. Tinsley in civil contempt. The court imposed a sanction of $100.00 per day until the court approved "an arrangement of some sort in

order for [Mr. Tinsley] to discharge this liability which has been pending for a period of one year without resolution." (Transcript of August 6, 1986 Hearing at 5.) The court suspended imposition of judgment for five days to afford the parties an opportunity to reach an amicable resolution of the long-pending matter.

On August 11, 1986, the court was informed that no resolution had been reached. Mr. Tinsley indicated that he had been proceeding in good faith to attempt to satisfy the judgment but had been financially unable to do so. He cited a variety of reasons, including illness, the imminent birth of a child, a fledgling and financially unrewarding law practice, and unavailing efforts to secure financial assistance. He specifically stated to the court that "I have sought to raise money to pay the court order. And I am willing to do whatever I can to raise the money to pay this court order." (Transcript August 11, 1986 Hearing at 5.)

The court was unmoved. Notwithstanding Mr. Tinsley's representations that he had witnesses present and available to testify to his precarious financial situation, the court, without hearing any testimony or entering any findings of fact, found appellant in civil contempt and imposed a fine of $50.00 a day until the underlying judgment, $5,713.45 plus interest, is paid. The district court denied Mr. Tinsley's oral motion for a stay.

Mr. Tinsley filed an appeal and thereafter moved in this court for emergency relief and summary reversal or a stay. We promptly directed appellees to file a response to Mr. Tinsley's motions and ordered Mr. Tinsley to show cause why his appeal should not be dismissed for his failure to post a supersedeas bond in accordance with Fed.R.Civ.P. 62(d). Following receipt of the parties' submissions, on October 1, 1986, this court entered a stay of the district court's order of contempt and directed production of a transcript of the

---

1. Pursuant to a stipulation filed by the parties, the district court had dismissed the claims against the individual defendants well before trial commenced.

August 6, 1986 hearing before the district court.

We have now completed our examination of the record. For the reasons set forth hereafter, we vacate the judgment of contempt and remand the case for further proceedings.

As noted above, appellant contended before the district court, without contradiction, that he had attempted to raise the funds necessary to satisfy the costs and attorney's fees that the district court assessed against him in August 1985. He further represented that he had been unsuccessful in those efforts and therefore could not comply with the district court's order. Before us, appellant continues to maintain that he is financially unable to pay and has buttressed this claim with affidavits of himself and others, which appellees have not sought to refute.

It is well established that impossibility of performance constitutes a defense to a charge of contempt. *See Maggio v. Zeitz*, 333 U.S. 56, 72–77, 68 S.Ct. 401, 409–412, 92 L.Ed. 476 (1948); *NRDC, Inc. v. Train*, 510 F.2d 692, 713 (D.C.Cir.1975). In the words of Judge Tamm, the court is thus "obliged to consider carefully a claim by the alleged contemnor that compliance was impossible.... Although both the fact and duration of noncompliance with [an] order are elements to be considered, the court must consider as well [a party's] inability, without fault on its part, to render obedience." *SEC v. Ormant Drug & Chemical Co., Inc.*, 739 F.2d 654, 656–57 (D.C.Cir.1984) (citations omitted).

 If a party lacks the financial ability to comply with an order, the court cannot hold him in contempt for failing to obey. *Id.* at 657. Moreover, even if the court determines that a finding of contempt is justified, it must still consider a contemnor's good-faith efforts to comply with an order in mitigation of any penalty. *See Washington Metro. Area Transit Auth. v. Amalgamated Transit Union*, 531 F.2d 617, 621 (D.C.Cir.1976). Thus, the court is required to take such reasonable steps as necessary to adjudicate a colorable claim of impossibility of performance. *See Washington Metro. Area Transit Auth. v. Amalgamated Transit Union*, 531 F.2d at 617; *Bhd. of Locomotive Firemen and Enginemen v. Bangor & Aroostook R.R. Co.*, 380 F.2d 570, 581–82 (D.C.Cir.1967).

■ Here, as we have seen, appellant interposed a colorable defense of impossibility. The district court, however, failed to make any specific findings about appellant's defense. Indeed, the court chose not to entertain any testimony. The case must, therefore, be remanded to the district court for an adjudication of appellant's contention that he is and has been unable to comply with the district court's sanctions order and of his claim that he has made good-faith efforts to raise the money to satisfy the judgment entered against him.