870 F.2d 658
 29 ERC 1587
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Harold SMALLWOOD and Gary B. Mullins, Defendants-Appellees.
 No. 88-5666.
 United States Court of Appeals, Sixth Circuit.
 March 13, 1989.
 
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and BERNARD F. FRIEDMAN, District Judge.*
 PER CURIAM.
 
 
 1
 The defendants in this case are two small-scale Kentucky strip miners who failed to comply with a preliminary injunction, obtained at the insistance of the United States, requiring them to stabilize one of their coal mining sites. The district court initially found the defendants in contempt and imposed sanctions, but subsequently reversed itself and vacated the order imposing sanctions. The government has appealed. We believe the case must be remanded for additional fact finding and reconsideration of both the order holding the defendants in contempt and the order lifting sanctions.
 
 
 2
 * In 1983 and 1984 defendants Harold Smallwood and Gary Mullins mined three sites in Pike County, Kentucky: the Baker site, the Kermit Smallwood site, and the Herbert Smallwood site. In November of 1985 government engineers found that two landslides had occurred on the sites, caused by the effects of seeping water on the spoil left by the defendants. The Department of the Interior ordered the defendants to reclaim the sites. The defendants made no effort to comply with the order.
 
 
 3
 Defendant Mullins is a partly disabled bulldozer operator. In 1980 he inherited $30,000 in cash, along with real property worth between $30,000 and $40,000. Mr. Mullins and his wife were divorced, the decree becoming final in April of 1987. By agreement of the parties, Mr. Mullins gave the inherited real property and what remained of the inherited cash ($10,000) to an adult daughter. The district court found that there was no legal obligation to make the transfer. See Ky.Rev.Stat. Sec. 403.190(2). The daughter allows her father to live on the property rent-free.
 
 
 4
 Defendant Smallwood, who has a sporadic work history as a bulldozer operator, was also divorced in 1987. Under the terms of his divorce settlement, Mr. Smallwood's wife received the couple's 1985 Lincoln Mark IV automobile, an interest in a grocery store, and an unencumbered tract of land. Mr. Smallwood retained a van, a pickup truck, and a 20-acre tract of mined-out land that is encumbered by a $17,000 mortgage. He later sold the van but did not apply the proceeds to reclamation work. He lives with relatives and says that he pays rent when he can afford it.
 
 
 5
 In March of 1987 the government sued the defendants in district court and moved for a preliminary injunction. The district court granted such an injunction on March 30, 1987, ordering the defendants to cease mining and to "stabilize the landslide on the Kermit Smallwood property in Fleming Branch within 30 days of this order...." The defendants made some limited efforts in that direction, removing timber from the site and digging a drainage ditch. On May 11, 1987, the government moved that the defendants be cited for contempt for failure to comply with the preliminary injunction.
 
 
 6
 The case was referred to a magistrate, who held an evidentiary hearing. The magistrate specifically found that the defendants had not proved inability to comply. The district court held a hearing on the magistrate's report on November 9, 1987, taking testimony from both defendants and from a government inspector and a government engineer. The next day the district court adopted the magistrate's findings of fact and entered an order providing, in part, as follows:
 
 
 7
 "The defendants are therefore directed to reclaim the Kermit Smallwood tract and the Roy Baker tract, under the direct supervision of agents for the United States, at a cost of $20,000 or less.
 
 
 8
 It is further Ordered that said reclamation is to be completed by January 1, 1988. If said reclamation is not completed by that date, the defendants are to report to the U.S. Marshall ... to begin weekend incarceration...."
 
 
 9
 On November 18, 1987, the district court filed a further order making specific findings of fact and explicitly holding the defendants in contempt for failure to comply with the preliminary injunction.
 
 
 10
 The defendants made certain efforts to raise money and comply with the district court's order. Mr. Mullins' attorney wrote letters to Mr. Mullins' ex-wife and daughter asking them to reconvey title to the property that Mr. Mullins had given away in the divorce settlement and to return the $10,000 in cash he had transferred. They refused. Mr. Smallwood put his land on the market and tried to borrow more money on it, without success. Both defendants obtained bids from various local contractors, all of which exceeded the $20,000 limit set in the court's order.
 
 
 11
 On December 16, 1987, the defendants moved to set aside the order holding them in contempt and imposing sanctions. The district court stayed the sanctions. In March of 1988 the government moved to reimpose sanctions. The district court denied the motion, stating:
 
 
 12
 "Since the plaintiff has apparently located the fraudulently transferred assets of the defendants from which money for reclamation work may be obtained, the plaintiff should proceed to recover this property instead of pursuing the avenue of civil contempt. This Court will not set up a debtors prison for those who are financially unable to comply with an order of reclamation. Although this Court may have the power to enforce a civil contempt sentence in this action, the Court exercises its discretion not to use this power under the facts of this case.
 
 
 13
 * * *
 
 
 14
 * * *
 
 IT IS THEREFORE ORDERED AND ADJUDGED:
 
 15
 (1) that the defendants' motion to set aside court order to reclaim property by December 31, 1987 is SUSTAINED in part;
 
 
 16
 (2) that the previous orders of this Court are set aside as such orders require the imposition of civil contempt sanctions;
 
 
 17
 (3) that plaintiff's motion to reimpose contempt sanctions is OVERRULED; ..."
 
 
 18
 This appeal followed.
 
 II
 
 19
 The basic rules concerning the imposition of sanctions for civil contempt are well established. A party seeking to have an adversary held in contempt must establish by clear and convincing evidence that the adversary has in fact violated a binding court order. See Donovan v. Sovereign Security, Ltd., 726 F.2d 55, 59 (2d Cir.1984). Inability to comply is a defense to a contempt citation, and it is reversible error for a district court to hold a party in contempt if that party cannot comply with the order, whether for financial reasons or otherwise. Maggio v. Zeitz, 333 U.S. 56, 72-77 (1948); Tinsley v. Mitchell, 804 F.2d 1254, 1256 (D.C.Cir.1986) (per curiam). The burden of establishing inability to comply is on the party subject to the order. United States v. Rylander, 460 U.S. 752, 757 (1983). The verbal formulations vary from case to case, but it is generally agreed that a party must make "all reasonable efforts" to comply with a court order. United States v. Roberts, 858 F.2d 698, 701 (11th Cir.1988) (per curiam). A defendant's inability to comply with a court order does not excuse compliance if the inability is self-induced. United States v. Lay, 779 F.2d 319 (6th Cir.1985) (per curiam).
 
 
 20
 Although issues of Kentucky law lurk in the record of the instant case, they have not been adequately resolved one way or the other. At oral argument we were informed that there have been subsequent proceedings that may be relevant, but the existence, nature, and outcome of those proceedings are not reflected in the record before us.
 
 
 21
 We conclude that the case should be remanded to the district court for such further proceedings as may be necessary to determine whether and to what extent any inability of the defendants to comply with the district court's order was self-induced. If the district court finds that the defendants are now financially able to comply, or would be financially able to comply but for their own actions, it should exercise its broad discretion to select an appropriate sanction. If the court finds that the defendants cannot now comply, and that such inability is not self-induced, the underlying contempt order should be vacated.
 
 
 22
 We note that there is an apparent inconsistency between the preliminary injunction and the order holding the defendants in contempt. The preliminary injunction required stabilization of the Kermit Smallwood tract, but the order holding the defendants in contempt and imposing conditional sanctions directed that work be done on both "the Kermit Smallwood tract and the Roy Baker tract." At the time of the contempt finding, the defendants were under a valid court order only to stabilize the Kermit Smallwood tract; they could not then be held in contempt for failure to complete work on the Roy Baker tract.
 
 
 23
 The case is REMANDED for further proceedings not inconsistent with this opinion.
 
 
 
 *
 The Honorable Bernard F. Friedman, United States District Judge for the Eastern District of Michigan, sitting by designation