UNITED STATES of America,
Plaintiff,

v.

PHILIP MORRIS USA INC.,
f/k/a Philip Morris Inc.,
et al., Defendants.

No. CIV.A. 99–2496(GK).

United States District Court,
District of Columbia.

Oct. 3, 2003.

Murray R. Garnick, Leslie Wharton, Peter Thomas Grossi, Jr., Michael R. Geske, Jonathan Louis Stern, Stacy J. Pollock, James Miller Rosenthal, Amy Elizabeth Ralph, Jeanna Maria Beck, Floyd E. Boone, Jr., Kevin M. Green, Ryan David Guilds, Melissa L. Marglous, Amy L. McGinnis, Nick Malhotra, Anne McBride Walker, Sharma Jnatel Simmons, Duane J. Mauney, Susan Louise Lyndrop, Kendall Millard, Sharon L. Taylor, Brian K. Esser, Arnold & Porter, Washington, DC, Cynthia S. Cecil, Hunton & Williams, Richmond, VA, Timothy M. Broas, Seyfarth Shaw, Washington, DC, Patricia M. Schwarzschild, pro hac vice, Erik D. Nadolink, Richard H. Burton, pro hac vice, Cindy L. Gantnier, pro hac vice, Hunton & Williams, Richmond, VA, Dan K. Webb, pro hac vice, Bradley E. Lerman, Ricardo E. Ugarte, pro hac vice, Kevin J. Narko, pro hac vice, Luke A. Palese, pro hac vice,

8

Jeffrey Wagner, pro hac vice, Elizabeth D. Jensen, pro hac vice, Winston & Strawn, Chicago, IL, Daniel C. Jordan, Hunton & Williams, McLean, VA, Herbert M. Wachtell, pro hac vice, Ben M. Germana, pro hac vice, Steven M. Barna, pro hac vice, Jeffrey M. Wintner, Wachtell, Lipton, Rosen & Katz, New York City, C. Ian Anderson, Davis, Polk & Wardwell, new York City, Lauren J. Bernstein, Winston & Strawn, New York City, Alfred McDonnell, pro hac vice, Arnold & Porter, Denver, CO, Robert M. Rader, Thomas M. Stimson, Winston & Strawn, Washington, DC, Ashley Cummings, pro hac vice, Hunton & Williams, Atlanta, GA, Seth Barrett Tillman, Montgomery, AL, for Philip Morris USA, Inc., Philip Morris Companies, Inc., Altria Group, Inc.

Paul Sommer Ryerson, Peter John Biersteker, Robert Francis McDermott, Jr., Jonathan M. Redgrave, Patrick L. Hubbard, pro hac vice, Geoffrey T. Wright, pro hac vice, Jones Day, Washington, DC, Scott C. Walker, Elizabeth P. Kessler, Jones, Day, Reavis & Pogue, Columbus, OH, Robert C. Weber, pro hac vice, Paul Crist, David B. Alden, Randal S. Baringer, Jones, Day, Reavis & Pogue, Cleveland, OH, John Buchanan Williams, William M. Bailey, Collier Shannon Scott, PLLC, Washington, DC, Nicholas N. Nierengartern, Gray, Plant, Mooty, Mooty & Bennett, PA, Minneapolis, MN, Lisa M. Sheppard, Womble, Carlyle, Sandridge & Rice, PLLC, Winston-Salem, NC, Ivan C. Smith, Jones Day Reavis & Pogue, Columbus, OH, Robert M. Rader, Winston & Strawn, Washington, DC, Harold K. Gordon, Jones Day Reavis & Pogue, New York City, for R.J. Reynolds Tobacco Co.

William Charles Hendricks, III, Andrew Martin McCormack, King & Spalding, Washington, DC, David M. Bernick, Kirkland & Ellis, Chicago, IL, Leign Ann Dowden, pro hac vice, Dan H. Willoughby, pro hac vice, King & Spalding, Atlanta, GA, Dawn D. Marchant, Kenneth N. Bass, Karen McCartan DeSantis, Jason Beckerman, pro hac vice, David Mendelson, David Sullivan, pro hac vice, Kirkland & Ellis, LLP, Washington, DC, Rebecca I. Ruby, Goodwin Procter, LLP, Washington, DC, Stephen R. Patton, Douglas G. Smith, Pro hac vice, Michelle H. Browdy, pro hac vice, Deirdre A. Fox, pro hac vice, Steven D. McCormick, pro hac vice, Kirkland & Ellis, Chicago, IL, for Brown & Williamson Tobacco Corp.

Matthew David Schwartz, Edward Craig Schmidt, Thompson coburn, LLP, Washington, DC, Paige Q. Szajnuk, pro hac vice, Thomas A. Duncan, pro hac vice, Shook, Hardy & Bacon, Kansas City, MO, James M. Cox, pro hac vice, Thompson & Coburn, LLP, St. Louis, MO, Michael B. Minton, Bruce D. Ryder, pro hac vice, J. William Newbold, Richard Paul Cassetta, pro hac vice, Thompson Coburn, LLP, St. Louis, MO, Robert M. Rader, Winston & Strawn, Washington, DC, for Lorillard Tobacco Co.

Fred W. Reinke, Clifford, Chance, Rogers & Wells, LLP, Washington, DC, Aaron H. Marks, pro hac vice, Marc E. Kasowitz, pro hac vice, Daniel R. Benson, pro hac vice, Nancy E. Straub, pro hac vice, Leonard A. Feiwus, pro hac vice, Julie R. Fischer, pro hac vice, Kasowitz, Benson, Torres Friedman, L.L.P., New York City, Melodie M. Mabanta, Robinson Woolson, P.A., Baltimore, MD, Robert M. Rader, Winston & Strawn, Washington, DC, for Liggett Group, Inc.

Jason Beckerman, pro hac vice, Jason Beckerman, pro hac vice, David Mendelson, David Sullivan, pro hac vice, Kirkland & Ellis, LLP, Washington, DC, Robert M. Rader, Winston & Strawn, Washington, DC, for American Tobacco Co.

Michael Asher Schlanger, Sonnenschein, Nath & Rosenthal, Washington, DC, Mary Elizabeth McGarry, Michael V. Corrigan,

Demetra Frawley, Simpson, Thacher & Bartlett, New York City, Robert M. Rader, Winston & Strawn, Washington, DC, for British American Tobacco, P.L.C.

Robert M. Rader, Winston & Strawn, Washington, DC,William Salvatore D'Amico, Chadbourne & Parke, Washington, DC, Timothy M. Hughes, pro hac vice, Garyowen P. Morrisroe, F. John Nyhan, Bruce G. Sheffler, pro hac vice, Jessica L. Zellner, pro hac vice, Chadbourne & Parke, New York City, for British American Tobacco (investments) Ltd.

Steven S. Michaels, pro hac vice, Kevin C. Lombardi, Judah Best, Bruce G. Merritt, Debevoise & Plimpton, Washington, DC, Robert M. Rader, Winston & Strawn, Washington, DC, Joseph P. Moodhe, pro hac vice, Dennis H. Hranitzky, pro hac vice, David Runtz, pro hac vice, Debevoise & Plimpton, New York City, for Council for Tobacco Research-USA, Inc.

Keith Allen Teel, James Alexander Goold, Joseph A. Kresse, Clausen Jr. Ely, Covington & Burling, Washington, DC, Robert M. Rader, Winston & Strawn, Washington, DC, for Tobacco Institute, Inc.

David Charles Shonka, Fed. Trade Com'n, Office of Gen. Counsel, Washington, DC, for Federal Trade Com'n.

Steven D. Gordon, Holland & Knight, L.L.P., Washington, DC, for SmithKline Beecham Corp., GlaxoSmithKline Consumer Healthcare, L.P.

Arnon D. Siegel, Robbins, Russell, Englert, Orseck & Untereiver, Washington, DC, for Pharmacia Corp.

Kate C. Beardsley, Buc & Beardsley, Washington, DC, for Elan Corp., PLC.

Stephen Printiss Murphy, Reed Smith, Washington, DC, for Novartis Consumer Health, Inc.

Stephen Paul Mahinka, Morgan, Lewis & Bockius, L.L.P., Washignton, DC, for Pfizer, Inc.

D. Jacques Smith, Arent, Fox, Kintner, Plotkin & Kahn, Washington, DC, for Impax Laboratories, Inc.

### *MEMORANDUM OPINION*

KESSLER, District Judge.

Defendant British American Tobacco (Investments) Limited ("BATCo") has filed a Motion for a Protective Order Regarding Compliance with Order No. 343 ("Compliance Motion"). The United States opposes the Compliance Motion and has filed a Cross Motion for a Finding of Contempt Against BATCo and for Imposition of Continuing Monetary Sanctions ("Cross Motion"). Upon consideration of the Compliance Motion, the Cross Motion, and the entire record herein, and for the reasons stated below, the Compliance Motion is denied and the Cross Motion is granted.

## I. BACKGROUND

On April 14, 2003, the Court issued Order # 343, adopting the Special Master's Report and Recommendation ("R & R") # 102, which required BATCo to produce within thirty days certain documents that were in the possession of its affiliate British American Tobacco Australia Services, Ltd. ("BATAS"). BATCo subsequently requested additional time to comply with Order # 343 on the ground that BATAS had not yet determined how it would respond to BATCo's request for the documents and, in any event, would need additional time due to the scope of the production involved. Order # 354 at 1.

On May 16, 2003, the Court issued Order # 354, which required BATCo to file a Status Report by June 1, 2003, "indicating what position BATAS intends to take with

respect to Order # 343." In a footnote, the Court also stated that "[i]f BATCo thereafter needs a reasonable amount of additional time to fully comply with Order # 343, the Court will entertain a motion at that time." *Id.* at 2 n. 1. BATCo then filed the Status Report as ordered and two motions which were considered in R & R # 120.

The first motion, BATCo's Motion for a Protective Order Regarding Production of Non–Privileged BATAS Documents Under Order No. 343 ("Non–Privileged Documents Motion"), sought to have the use and dissemination of non-privileged BA-TAS documents limited to the litigation of this case. The Special Master recommended denial of the Non–Privileged Documents Motion. However, in Order # 394 the Court overruled R & R # 120 in that respect and granted BATCo's Motion for the reasons explained in its August 20, 2003 Memorandum Opinion.

The second motion that was the subject of R & R # 120 was the Compliance Motion, which is now before the Court. In the Compliance Motion BATCo seeks to be released from compliance with Order # 343 insofar as the Order requires BAT-Co to produce or log privileged BATAS documents; BATCo also seeks an order prohibiting the Government from seeking sanctions or additional compliance by BATCo with Order # 343 absent a finding of "good cause." Compliance Mot. at 1. The Special Master recommended that the Court take jurisdiction of the Compliance Motion and R & R # 120 was adopted in this respect. Order # 394 at 2.

BATCo asks the Court to enter an order deeming it "as a matter of law . . . to be in substantial compliance with the mandate of Order # 343," BATCo Mem. in Supp. at 1, even though it has not yet produced or logged a single one of the privileged documents subject to that Order. Its excuse is what it claims to be the "factual and legal impossibility" of obtaining the documents from BATAS.

In its Cross Motion, the Government argues that the issue of BATCo's control of the documents has already been decided and should not be revisited. According to the Government, BATCo has complied with neither Order # 343 nor Order # 354, Cross Mot. at 6, and its conduct warrants a contempt finding and the imposition of monetary sanctions. *Id.* at 27.

## II. Legal Standard

 There is "no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States,* 384 U.S. 364, 370, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966); *see also SEC v. Diversified Growth Corp.,* 595 F.Supp. 1159, 1170 (D.D.C.1984) (to coerce obedience of a lawful order is within the court's civil contempt power). Civil contempt is a remedial sanction used to obtain compliance with a court order or to compensate for damage sustained as a result of noncompliance. *NLRB v. Blevins Popcorn, Co.,* 659 F.2d 1173, 1184 (D.C.Cir.1981).

 The principal purpose of civil contempt is vindication of judicial authority. *Id.* at 1185 n. 73 (*citing Gompers v. Bucks Stove & Range Co.,* 221 U.S. 418, 441, 31 S.Ct. 492, 55 L.Ed. 797 (1911)). A civil contempt proceeding is a three stage process in which: (1) a court must issue an order directing a party to take or not take certain action; (2) if there is disobedience of that order, the court must issue a conditional order finding the recalcitrant party in contempt and threatening to impose a specified penalty unless the recalcitrant party complies with prescribed conditions set forth in a "purgation order"; and (3) execution of the threatened penalty if the

conditions are not fulfilled. *Id.* at 1184. The moving party has the burden of proving by clear and convincing evidence that the court's order has been violated. *Id.* at 1183. In finding a party to be in civil contempt of a court's order, "the intent of the recalcitrant party is irrelevant," and the court must only determine whether its order has been violated. *Id.* at 1184, 1186 n. 77.

## III. ANALYSIS

### A. BATCo Has Neither Complied with Orders # 343 and # 354 Nor Established that Compliance is Impossible

■ Although BATCo asks that the Court deem it to be in "substantial compliance with the mandate of Order No. 343," BATCo Mem. in Supp. at 1, it is undisputed that BATCo has not logged, much less produced, any of the privileged documents covered by that Order. Order # 354 granted BATCo until June 1, 2003 to "fully comply with Order # 343," Order # 354 at 2 n. 1, and indicated that the Court would entertain a reasonable request for yet additional time. However, BATCo neither sought additional time from the Court, nor fully complied with Order # 343 by June 1, 2003, as directed. Thus, the Government has shown by clear and convincing evidence that BATCo has failed to comply with both of this Court's Orders.

■ BATCo now requests that it be excused from further compliance with Order # 343 (and # 354) on the basis that production of the BATAS documents is factually and legally impossible. While it is true that impossibility is a defense to contempt, *S.E.C. v. Ormont Drug & Chemical Co., Inc.*, 739 F.2d 654, 656 (D.C.Cir. 1984), it can be invoked only when a party demonstrates that it is "powerless" to comply with a court's order. *Natural Resources Defense Council, Inc. v. Train*, 510 F.2d 692, 713 (D.C.Cir.1974). BATCo's argument is premised on the notion that it has no control over the documents in question and is therefore "powerless to comply." However, the issue of BATCo's control over BATAS documents has already been fully and fairly litigated in this case.

BATCo argued in opposition to the underlying motions[1] that it did not "control" BATAS documents within the meaning of Fed.R.Civ.P. 34.[2] *See* R & R # 102 at 24–26. The Special Master rejected this argument and recommended that the Court order BATCo to produce, or log, the documents sought by the Government because the Government had "met its burden of showing control under Rule 34." *Id.* at 30.[3]

1. In R & R # 102 the Special Master considered two motions: the United States' Motion to Compel BATCo to Produce (1) Responsive Documents Related to Operations or Activities in Australia, and (2) Certain "Undertaking" Documents as Referenced in the *McCabe* Litigation; and the United States' Motion to Compel BATCo to Produce Documents Recently Identified by Counsel to BATCo Subsidiary in Australia.

2. Rule 34(a) provides: "Any party may serve on any other party a request [ ] to produce and permit the party making the request ... to inspect and copy, any designated documents ... which are in the possession, custody or control of the party upon whom the request is served."

3. The Special Master's conclusion was based on several factors, including the fact that "[w]hile BATCo owns slightly less than 32% of the shares of BATAS, all remaining shares currently are held by an affiliate of BATCo" and both BATCo and the affiliate "are under the umbrella of [BAT p.l.c.], the ultimate parent company." *Id.* at 27.

 The Special Master also pointed to the "current overlap of the directors of the BAT entities." *Id.* As an example, "Paul Adams is currently the Chairman of BATCo, the Managing Director of British American Tobacco

BATCo then objected to R & R # 102, arguing that the Special Master had erred on the issue of control. BATCo Partial Obj. to R & R # 102 at 5–10. In Order # 343 the Court rejected BATCo's argument and adopted R & R # 102. Thus, the Special Master and the Court have both considered and rejected the premise which lies at the heart of BATCo's Compliance Motion.

BATCo's argument that compliance is legally impossible is based on the affidavits of two international law experts. *See* BATCO Mem. In Supp. Ex. J. (May 30, 2003 Mem. of Op. by J.V. Nicholas SC); Ex. K. (May 30, 2003 Aff. of Michael Alan Todd, Esq.). Relying on the conclusions of these two experts, BATCo now argues, for the very first time, that it has no authority under English or Australian law to compel BATAS to produce the documents or to compel BAT p.l.c., the parent company of both BATCo and BATAS, to direct BATAS to produce the documents. BATCo Mem. in Supp. at 7–10. BATCo had every opportunity to raise these issues and submit this evidence either in opposition to the two motions that were the subject of R & R # 102, or in its Partial Objection to R & R # 102. It did neither. Now, at this late date, it purports to justify the presentation of brand new argument and evidence on the ground that they could not have been provided "until *after* that order had been entered." BATCo Reply at 2 n.3 (emphasis in original). That is simply not true. The evidence relates directly to BATCo's argument about its alleged lack of control of BATAS documents and, therefore, should have been submitted months ago when that issue was first being litigated.[4] The Court will not now consider this untimely argument and evidence.[5]

**B. BATCo Has Not Made a Good Faith Effort to Comply with Orders # 343 and # 354.**

 BATCo argues that because it has acted diligently and in good faith in an effort to effectuate compliance with Order

---

(Holdings), and the Managing Director of BAT p.l.c., the ultimate parent." *Id.*

The Special Master also relied on evidence offered by the Government "that BATCo was involved with BATAS' document retention policies," *id.* at 27–28, and on BATCo's demonstrated ability to gain access to other BATAS-related documents. *Id.* at 29 ("BATCo has not explained how it could come into possession of some of the documents Plaintiff seeks, but not others.").

4. *See United States v. Chase Manhattan Bank*, 590 F.Supp. 1160, 1162–63 (S.D.N.Y.1984) ("Once a court has issued an order, the validity of that order may not be relitigated.…'present inability' to comply with a court order would be an appropriate defense in a civil contempt proceeding.…However, in the instant case none of the facts … have changed." (Citing *United States v. Rylander*, 460 U.S. 752, 103 S.Ct. 1548, 75 L.Ed.2d 521 (1983))). Similarly here, BATCo has not brought any relevant change of circumstances to the attention of the Court.

5. It should be noted that because of the late submissions, the Government has had no opportunity to either cross-examine the two experts or submit its own expert opinions in opposition. Curiously, the testimony is not even given under penalty of perjury.

In addition, the testimony does not address some of the most important issues. For example, BATCo states that the basis of BATAS' refusal to produce the documents is BATAS' concern that it might lose its ability to assert privilege over them in Australian courts. BATCo Mem. in Supp. at 5. However, there is no indication that BATAS fears, or has reason to fear, that production of a privilege log, as opposed to the documents, would result in waiver of privilege under Australian law. The Nicholas Memorandum of Opinion is silent on this issue. BATCo does not state that either production of the documents or provision of a privilege log would be unlawful under Australian law. Indeed, according to its expert, "if BATAS chooses to do so voluntarily, then no difficulty will arise." Nicholas Mem. of Op. at ¶ 15.

# 343, the Government's Cross Motion, seeking a contempt finding and monetary sanctions, should be denied. In determining whether a party has acted in good faith to comply, the court must balance the violating party's rights with the need to prevent that party from "flouting the law." *Maggio v. Zeitz*, 333 U.S. 56, 77, 68 S.Ct. 401, 92 L.Ed. 476 (1948). Accordingly, " 'some attempts' at compliance are not enough to pass the close scrutiny of the alleged contemnor's claims." *NAACP v. Brock*, 619 F.Supp. 846, 850 (D.D.C.1985) (*quoting SEC v. Ormont Drug & Chem. Co.*, 739 F.2d at 656).

As evidence of its good faith, BATCo points to: (1) its ultimate production of non-privileged documents, subject to a separately-issued protective order [6] (2) its "diligent" pursuit of BATAS' agreement to voluntarily produce the documents and of BAT p.l.c.'s intervention with BATAS to secure such an agreement; (3) BATCo's retention of the legal experts discussed above; (4) and the factual and legal impossibility of BATCo compelling BATAS (or BAT p.l.c.) to produce the privileged documents "which the BATAS Board of Directors has refused to disclose or log." BATCo Mem. in Supp. at 3.[7] These actions, which will be discussed in turn, do not demonstrate sufficient good faith efforts to comply with Orders # 343 and # 354.

 First, BATCo's production of the non-privileged documents does not excuse its failure to log or produce the privileged documents.

Second, BATCo has not demonstrated that its pursuit of agreement from BATAS, or intervention by BAT p.l.c., was "diligent." BATCo's own expert on Australian law states that the question of compliance "is one for the directors of BATAS." Nicholas Mem. of Op. at ¶ 17. However, BATCO has made no concerted or energetic effort to secure compliance by BATAS. For example, BATCo has made no formal request to the BATAS Board of Directors to take action on its behalf, or to meet with the BATAS board so that BATCo's directors could personally make the case for BATAS' cooperation.[8] The extent of of BATCo's "dialogue with BATAS", BATCo Mem. in Supp. at 3, consists of a handful of letters exchanged with BATAS attorneys.

The same is true of BATCo's efforts to secure BAT p.l.c.'s intervention with BATAS. The most that BATCo did was send one short letter from Martyn Gilbey, BATCo's Senior Litigation Counsel, to Alan Porter, the Company Secretary of BAT p.l.c. *See* BATCo Mem. in Supp. Ex. M (May 2, 2003 Letter, Gilbey to Porter, copy to Paul Adams). As noted above, supra n. 3, the Special Master's conclusion that BATCo had control of the disputed documents was based in part on the overlap of directors of the BAT entities. For example, as noted earlier, Paul Adams is Chairman of BATCo, Managing Director of British American Tobacco (Holdings), and the Managing Director of BAT p.l.c.

---

6. As discussed above, the Court granted BATCo's Non–Privileged Documents Motion, and issued the protective order it requested in Order # 394.

7. BATCo also points to its offer to "indemnify BATAS for the costs of its document review and production of non-privileged documents." BATCo Opp'n at 4 n. 5. Approximately 500 non-privileged documents and 38 privileged documents are subject to Order

# 343, Cross Mot. at 17 n. 21, not a significant number in the context of this litigation. BATCo provides no evidence concerning the actual cost to BATAS of producing these documents.

8. BATCo has not provided either minutes of any meeting of the BATAS Board of Directors or a Board resolution recording a decision not to produce the privileged documents.

Despite his roles in both BATCo and BAT p.l.c., there is no evidence that Adams sought a formal meeting of BAT p.l.c.'s Board so that he could urge intervention with BATAS, or that he spoke directly to any of his co-directors on BAT p.l.c.'s Board to persuade them to direct BATAS to cooperate.[9] The lack of demonstrated effort on Adams' part is remarkable in light of the fact that BATCo risked contempt of court if it did not obey Orders # 343 and # 354.[10]

Third, as discussed above, BATCo's retention of legal experts is untimely, and the accuracy of their views has not been fully tested.

Fourth, as also discussed above, this Court has already ruled that BATCo has control of the documents and BATCo has failed to demonstrate that production is either legally or factually impossible.

For all the forgoing reasons, the Court finds that it is not impossible for BATCo to comply with Orders # 343 and # 354 and that BATCo has not made a good faith effort to comply with them. Therefore, the Court conditionally finds, in accordance with the three stage procedure mandated in *Blevins*, 659 F.2d at 1184, that BATCo is in contempt of this Court's Orders # 343 and # 354.

### C. Imposition of Fines Is Appropriate to Coerce Compliance with Orders # 343 and # 354.

 Federal court orders are to be obeyed unless and until litigants succeed in having them duly overturned by the appropriate court of appeals. Litigants may not defy court orders because their commands are not to the litigants' liking. If the rule of law is to be upheld, it is essential that the judiciary takes firm action to vindicate its authority to compel compliance with lawfully issued directives, and to not reward delay and disobedience.

In this case, Order # 354 granted BATCo until June 1, 2003 to fully comply with Order # 343 and stated that if BATCo needed a reasonable amount of additional time in order to do so, the Court would entertain a motion for a further extension. Instead of obeying the clear terms of Orders # 343 and # 354, BATCo filed motions for protective orders with the Special Master. Four months have elapsed since Order # 354's deadline, yet BATCo has not so much as even logged any of the disputed privileged documents. On this record, the Government has shown by clear and convincing evidence that BATCo is in civil contempt of Orders # 343 and # 354 for failing to log or produce the privileged documents that were the subject of Order # 343. Because it appears that BATCo is unwilling to fully comply with this Court's orders, civil contempt sanctions are appropriate to coerce compliance.

In order to purge itself of this conditional finding of civil contempt, BATCo shall log and/or produce the documents specified in Orders # 343 and # 354 no later

---

**9.** BATCo states that BAT p.l.c. has declined to intervene on BATCo's behalf, "advising that such matters are best resolved by 'local directors . . . determining what is in the best interests of the relevant Group company.'" BATCo Mem. in Supp. at 10 (quoting Ex. L. (May 8, 2003 Memorandum Broughton to Gilbey)). BATCo does not claim that BAT p.l.c. is without power to intervene, only that it declines to do so.

**10.** Although BATCO states that the BATAS Board of Directors met on May 30, 2003 and "fully considered . . . and rejected" BATCo's request for production of the documents, BATCo Reply at 3 n. 5, the minutes of this meeting have not been submitted to the Court.

than 9:00 a.m. EST on October 17, 2003. BATCo shall notify the Court of its compliance with the Court's Order by filing a status report no later than 11:00 a.m. EST on October 17, 2003.

If BATCo fails to come into timely compliance with Orders # 343 and # 354, the Court will impose a fine of $25,000 [11] for every day of non-compliance, to be paid into the Registry of the Court. If noncompliance with Orders # 343 and # 354 continues past October 24, 2003, the Court will consider imposing other contempt remedies.[12]

---

11. This fine is based on BATCo's resources, as set forth in BATCo's 2001 Directors' Report and Accounts (attached as Exhibit A to BATCo's Opp'n). As the Government explains, using the current exchange rate (as of June 30, 2003), BATCo's declared dividend and retained profit for financial year 2001 was approximately $190,520,610 or approximately $521,974 per day. Gov't Reply at 9 n. 12.

A fine in the amount of $25,000 is less than, but analogous to, the sanction imposed in *International Business Machines Corp. v. United States,* 493 F.2d 112 (2d Cir.1973) (contempt fine in amount representing "5 per cent of any given day's earnings."). If BATCo continues its noncompliance for an extended period of time, the Court may revisit the issue of whether a monetary sanction ought to be based instead on the financial resources of BAT p.l.c. *See* Cross Mot. at 31.

12. Courts have employed a variety of means to punish litigation misconduct, such as contempt citations, disqualification or suspension of counsel, awards of attorneys' fees, drawing adverse evidentiary inferences, precluding the admission of evidence, and default judgments. *Shepherd v. American Broadcasting Cos.,* 62 F.3d 1469, 1475 (D.C.Cir.1995).